IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| CHRISTY BENSON, | * |
| Plaintiff, | * |
| v. | * |
| | *   2:18cv00173-JJV |
| ANDREW SAUL,[1] Commissioner, | * |
| Social Security Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Christy Benson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under disability within the meaning of the Social Security Act because jobs existed that Plaintiff could perform despite her impairments. (Tr. 14-22). Both parties have submitted appeal briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019, replacing Nancy Berryhill. He has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find Commissioner's decision is supported by substantial evidence; therefore, Plaintiff's Complaint is DISMISSED.

Plaintiff was thirty-eight years old at the time of the administrative hearing.  (Tr. 31.)  She testified she is a high school graduate.  (*Id.*)  The ALJ determined Ms. Benson has no past relevant work.  (Tr. 21.)

The ALJ[1] found Ms. Benson had not engaged in substantial gainful activity since January 9, 2017, the date of her application. (Tr. 16.)  The ALJ next determined Plaintiff has "severe" impairments in the form of degenerative disc disease, essential tremors, and depression (*Id.*)  The ALJ further found she did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16-18.)  The ALJ determined Ms. Benson had the residual functional capacity to perform "light work,"

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).  420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

however, she would be limited to occasional overhead work, frequent not constant grasping and reaching with the left upper extremity. (Tr. 18.)  He also determined Plaintiff could not perform work around unprotected heights, dangerous moving mechanical parts, or hazards.  (*Id*.)  The ALJ further limited Plaintiff to incidental interpersonal work, minimal complexity in tasks, minimal judgment, and simple, direct, concrete supervision.  *Id*.

Because Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 44-48.)  Based on the VE's testimony, the ALJ concluded Plaintiff could perform the jobs of photocopy machine operator, mail clerk, and usher/ticket taker.  (Tr. 22.)  Consequently, the ALJ determined Ms. Benson was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-3.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to resolve two possible conflicts between the VE's testimony and the *Dictionary of Occupational Titles* (DOT).  (Doc. No. 13 at 10-18.)  Plaintiff says, "The first apparent conflict, as recognized by the ALJ, is between the VE's testimony that Benson can perform two jobs requiring frequent reaching—photocopy machine operator (DOT 207.685-014) and mail clerk (DOT 209.687-026)—when she is limited to only occasional overhead reaching." (*Id* at 11.)  Plaintiff further says the job of usher/ticket taker exceeds Ms. Benson's residual functional capacity because it ". . . requires significant interaction with people at level 7 for speaking-signaling as well as frequent talking and hearing. Because the usher job requires significant interpersonal interaction, there is a second apparent unresolved conflict between this job as described in the DOT the VE's testimony in response to the ALJ's

3

hypothetical that limited Benson to work requiring only incidental interpersonal contact." (*Id.* at 14.) Plaintiff relies on *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) and *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) to support her position.

Plaintiff makes good points, but I find no reversible error here. Unlike the cases of *Moore* and *Kemp*, Plaintiff has not shown the VE's testimony to be unreliable and the ALJ properly resolved the conflicts. (Tr. 22, 47). Plaintiff's limitations were included in the hypothetical to the VE when the VE identified those jobs. (Tr. 46). The VE specifically addressed the conflict and based his determination on his "training and experience." (Tr. 47.) As the Commissioner notes, Plaintiff did not object to the VE's qualifications at the hearing, which includes over thirty-five years of experience in vocational assessment, counseling and placement (Tr. 44, 226-227)." (Doc. No. 14 at 6.) And with regard to Plaintiff's second conflict, I agree with the Commissioner that any error would be harmless because the two other jobs identified by the VE do not require significant interaction with the public. Therefore, substantial evidence of record supports the ALJ's determination at Step 5.

Plaintiff further argues moderate intellectual limitations should have been included in the ALJ's hypothetical question. However, this was accounted for when Plaintiff was limited to incidental interpersonal work with minimal complexity and concrete supervision. (Tr. 18). And on the overall question of Ms. Benson's disability, I find compelling the Commissioner's point that Plaintiff's symptoms of depression improved with medication. (Tr. 286). An impairment that can be controlled by treatment or medication is not considered disabling. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).

Plaintiff argues the ALJ failed to develop the record by not obtaining a medical opinion from a treating or examining doctor regarding Ms. Benson's residual functional capacity. But, as

the Commissioner points out, there is no requirement that a Residual Functional Capacity (RFC) finding be supported by a specific medical opinion. *Hensley v. Colven*, 829 F.3d 926, 932 (8th Cir. 2016).

Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) additional opinions from her treating doctors suggests they are of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Realizing – as Plaintiff points out – this is not an adversarial proceeding, I still find no indication that Plaintiff or her counsel requested that the ALJ order a consultative evaluation at any time during the administrative process. Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither; therefore, her argument is without merit.

Counsel for both sides have done exemplary work on behalf of their respective clients. I am sympathetic to Ms. Benson's claims. She is a young woman. I am certain she experiences some degree of limitation. But the overall evidence provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. The Commissioner's decision is supported by substantial evidence. Furthermore, it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision

of the ALJ.  E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 18th day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE